**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>CUMBERLAND FARMS, INC.,<br><br>Defendant. | C.A. No. 1:26-cv-14003 |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Cumberland Farms, Inc. ("Cumberland Farms") submits this Notice of Removal of the above-captioned action to the United States District Court for the District of Massachusetts, from the Superior Court of the Commonwealth of Massachusetts, County of Bristol, where the action is now pending. As grounds for removal, Cumberland Farms states as follows:

## I. Timeliness of Removal

1. On or about August 6, 2026, Plaintiff John Doe ("Plaintiff") filed a civil action in the Superior Court of the Commonwealth of Massachusetts, County of Bristol, entitled *John Doe v. Cumberland Farms, Inc.*, Civil Action No. 2673CV00692 (the "State Court Action").

2. On August 10, 2026, Cumberland Farms received service of the following documents filed in the State Court Action: (1) the Complaint; (2) a summons directed to Cumberland Farms, Inc.; (3) a Civil Action Cover Sheet; (4) a Civil Tracking Order; (5) Plaintiff's Notice of Filing of Provisionally Impounded Information; (6) Plaintiff's Emergency Motion for Impoundment; (7) Plaintiff's Motion to Conduct All Proceedings Remotely; (8) Plaintiff's

Emergency Motion for Preservation and Production of Video Surveillance Footage and Evidence; (9) the Clerk's Notice endorsing Plaintiff's Motion for Impoundment and Remote Hearing Accommodations; and (10) Confidential Identifying Information Sheet for Court Notice Purposes Only. True and accurate copies of the State Court Action documents are attached hereto as **Exhibits A, B, C, D, E, F, G, H, I, and J** respectively.

3. These documents are the only process, pleadings, or orders served on Cumberland Farms or known by Cumberland Farms to have been filed or issued in the State Court Action. *See* 28 U.S.C. § 1446(a).

4. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty (30) days after service of process on Cumberland Farms.

**II. Venue**

5. The Superior Court of the Commonwealth of Massachusetts, County of Bristol, is located within the District of Massachusetts. *See* 28 U.S.C. § 101. Therefore, venue is proper in this Court because it is in the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**III. Basis for Removal: Federal Question Jurisdiction**

6. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Specifically, Plaintiff's Complaint appears to assert claims that Cumberland Farms violated Title II of the Civil Rights Act of 1964 ("Title II") and Massachusetts' public accommodation discrimination statute. By asserting claims under federal law, Plaintiff's

Complaint asserts federal questions under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

**IV. Supplemental Jurisdiction**

8. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal cause of action "that they form part of the same case or controversy under Article III of the United States Constitution."

9. Here, Plaintiff's state law claim arises from the same set of operative facts as his Title II claim. The claims all arise out of a common nucleus of operative facts: Plaintiff's alleged experience at a Cumberland Farms store and alleged interactions with Cumberland Farms employees. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims do not raise novel or complex issues of state law or predominate over the federal claims for which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

**V. Miscellaneous Procedural Items**

11. As required by 28 U.S.C. § 1446(d), counsel for Cumberland Farms will serve written notice of this Notice of Removal on Plaintiff in the State Court Action and will file a copy of this Notice in the Superior Court of the Commonweal of Massachusetts, County of Bristol.

12. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Cumberland Farms in the State Court Action are attached to this Notice of Removal. *See* **Exhibits A-J**.

13. In accordance with Local Rule 81.1, Cumberland Farms will file with the Court attested copies of all records, proceedings, and docket entries in the state court within 28 days of the date of this Notice.

14. By removing this matter, Cumberland Farms does not waive or intend to waive any defense to the claims asserted in the Complaint.

WHEREFORE, Defendant Cumberland Farms, Inc. respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of the Commonwealth of Massachusetts, County of Bristol, to the United States District Court for the District of Massachusetts.

Respectfully Submitted,

**CUMBERLAND FARMS, INC.**

By its attorneys,

*/s/ Lisa Stephanian Burton*
Lisa Stephanian Burton (BBO # 562096)
Lauren M. Pritchard (BBO # 718354)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108-4403
Telephone: (617) 994-5700
Facsimile: (617) 994-5701
lisa.burton@ogletreedeakins.com
lauren.pritchard@ogletreedeakins.com

Dated: August 31, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 31, 2026, a true copy of the above document was filed through the Court's electronic filing system and served via electronic and first-class mail upon Plaintiff.

*/s/ Lisa Stephanian Burton*
Lisa Stephanian Burton