# EXHIBIT A

*** PROVISIONALLY IMPOUNDED ***
(FILED PURSUANT TO UNIFORM RULES ON IMPOUNDMENT RULE 2)

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 2673CV00692

JOHN DOE,
Plaintiff,

v.

CUMBERLAND FARMS, INC.,
Defendant.

BRISTOL SUPERIOR COURT
FILED

AUG - 6 2026

JENNIFER A. SULLIVAN, ESQ.
CLERK/MAGISTRATE

VERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND PROTECTIVE ORDERS

Now comes the Plaintiff, JOHN DOE, pro se, and brings this Complaint[1] against the Defendant, Cumberland Farms, Inc., and states as follows:

PARTIES

1. Plaintiff: JOHN DOE, maintaining a mailing address at [Address Impounded / Subject to Pending Emergency Motion].

2. Defendant: Cumberland Farms, Inc., a foreign corporation registered and doing business in the Commonwealth of Massachusetts, with its principal corporate address at 165 Flanders Road, Westborough, MA 01581. Defendant owns, operates, and controls the retail store premises

[1] The Plaintiff's sole objective here, per usual, is a simple request that all law enforcement agencies in the Commonwealth of Massachusetts refuse to entertain at all costs, including the ever so racist Massachusetts Attorney's General Office, who have engaged in what seems to be the blackmailing of the Plaintiff, along with this community of individuals, is to file criminal charges on those that not only commit criminal acts against the Plaintiff but also violate the Plaintiff's constitutional right to choose, as these unnamed individuals want the Plaintiff to allow this abuse and harassment to continue. Administrative and law enforcement reporting mechanisms have been exhausted or are unavailable to resolve the ongoing harm, leaving court-ordered injunctive relief as your sole remaining remedy.

located at 80 County St, Attleboro, MA 02703. Defendant's registered agent for service of process is Corporation Service Company (CSC), 84 State Street, 6th Floor, Boston, MA 02109.

JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in the Superior Court pursuant to M.G.L. c. 214, § 1 (Equitable Jurisdiction) and M.G.L. c. 223, § 1, as this matter seeks injunctive relief, and the events, conduct, and premises described herein occurred within Bristol County, Massachusetts.

STATEMENT OF FACTS

4. On the evening of July 29, 2026, Plaintiff visited the Defendant's store location at 80 County St, Attleboro[2], MA 02703.

5. The Defendant, Cumberland Farms, Inc.[3], directly owns and operates the premises at 80

[2] Plaintiff was already being subject to unnecessary surveillance by the Attleboro Police, similarly to the entirety of Attleboro community, while walking down the MBTA Lot, as do hundreds and thousands of other civilians, who aren't subject to the same treatment. The officer glared his/her bright–and painfully eye straining–lights in Plaintiff's face when he wasn't causing any dismay, disturbances or committing any crimes. This has become a norm with the Attleboro community when the Plaintiff finds his way to this demographic. The same truck has followed Plaintiff through the town as Plaintiff was seeking social services, as he passed through the Attleboro Highschool grounds while not attempting to violate children, causing any dismay, disturbances or committing any crimes. On several of these occasions, the designated location has been the Cumberland Farms in question, where officers have also found their way to. It would be illegal to follow said Plaintiff and defamation of character, in turn violating Plaintiffs right to privacy or unreasonable searches, if any complaints are made against him as he's walking because it doesn't warrant suspicion. These are embarrassing and degrading experiences.

[3] The Cumberland Farm brand has hired employees who have been a nuisance towards the Plaintiff at not only the store in question but also various other locations, as the Plaintiff is targeted at all visits to these stores, through his interstate travels. Rhode Island, which isn't within the Commonwealth's jurisdiction, has been a tremendous impediment in visits, as they go as far as to tamper with the Plaintiff's foods, while taunting him, and also always causing delays to the Plaintiff's transactions, as if they are hacking his transactions, that at times are errored, while customers also target the Plaintiff. The same behaviors occur within the Commonwealth that cause the same issues as those in Rhode Island to which at times the Plaintiff immediately falls asleep upon consumption of the foods, which many times are outdated. Some examples of what the Plaintiff experiences are: while at the 1455 Fall River Ave (02771) location, the staff always stops what they are doing, assure to process the Plaintiff's transactions on a different register, which is slow and glitchy, as if fraud is occurring (many times the prices on the tags are

County St, Attleboro, MA 02703, and employs the personnel referenced herein.

6. Upon entering the store, following the incident outside, Plaintiff experienced intentional acts of harassment and physical obstruction of movement from individuals inside the location.

7. Plaintiff approached the food counter to inquire about food items (specifically the freshness of the pizza). The staff member on duty responded with unwarranted hostility toward Plaintiff, while refusing to just answer the Plaintiffs question as to what time that the food was prepped, in their efforts to harass and instill emotional distress on the Plaintiff. Eventually, the staff noted what the time was, but with the experiences that the Plaintiff has come across there is little faith that it was true.

8. During the checkout process, staff members delayed the transaction unnecessarily. When Plaintiff attempted to pay, the cashiering system required a PIN entry—a step Plaintiff is

---

different than what are charged at the register), while giving the Plaintiff attitude and abruptly telling him that he has a good one, and even supply the Plaintiff with foods (they seem to have learned the eating habits of the Plaintiff, as they are always preparing them or rudely informing the Plaintiff to wait for his purchases, which do cause drowsiness-one time the Plaintiff actually got in a car accident (similarly to how the Plaintiff's financial account records disappeared, the accident also isn't available on his motor vehicle report, to which there were misconduct present at the scene, as if something was being covered up, a common matter that can be substantiated from multiple occasions) because of drinking their coffee late night, per the toxic effects and not necessarily sleeping on the road) that has adverse effects to them; while at the 965 Fall River Ave (02771) location, the staff continue to demean the Plaintiff, as disruptive customers also target and harass the Plaintiff, and have even failed to follow food safety standard, like touching one's hat and still prepping the hot foods with their bare hands, even in front of the Plaintiff; while at the 103 E Washington St (02760) there is always a heavy set white male the targets and harasses the Plaintiff, while colluding with various customers, and also proceeds to delay the register that so often in the past charged the Plaintiff the incorrect total, more than marketed, one time he proceeded to try and remove the proof of the correct price (tampering with evidence) prior to telling the Plsintiff that he should speak to the manager, who is never there at late ho0urs of the night, as he isn't aware of the methods to resolve the error, but has been working there for a long time; and, although there have been other similar incidents, while at the 633 Washington St (02703) the Plaintiff, who always is followed and harassed by the personnel who delay transactions, that are frequently wrong as the others noted here–and more, had one incident where the personnel started to bad mouth the cultural background of the Plaintiff as some customer joined along, it seemed as though they knew the Plaintiff's heritage. These incidents are way too common and every incident noted here has occurred at the Cumberland Farms in question with the exception of the cultural insult noted here.

typically able to bypass at other locations—while the staff member stated the transaction was "all set" and engaged in disrespectful conduct, where they usually refuse to provide the Plaintiff with his receipt when asked, as was the case here.

9. The plaintiff went into the parking lot area to quickly charge a phone outside, following the processing of his purchase, to eventually walk to the train station. While outside, the male employee who processed the transaction at the register walked toward Plaintiff in an aggressive manner, moving as if he were about to lunge or rush at Plaintiff, before retracting his movement and walking to the other side of the walkway, where he started vaping.

10. Plaintiff returned to the store a short time later prior to boarding a train. Upon re-entering, where the two employees in question seemed to be discussing something, one employee, the gentleman that was being difficult with the Plaintiff when the Plaintiff asked about the food quality, abruptly ran from behind the register toward the Plaintiff in a physical posture that appeared aggressive and threatening before immediately walking away.

11. When attempting to complete a second purchase, the electronic payment system failed[4] unexpectedly, during which time staff members continued to make disrespectful and inappropriate comments toward Plaintiff, the one who was vaping continued to note that it sucks (He even went as far at to say, while caught in a recording, sorry about the issues with the transaction and didn't seem to be an act of sympathy, prior to the Plaintiff's entire digital wallet was removed from his phone, as if the store transactions caused the malfunction.

---

[4] (Exhibit A): Plaintiff references and incorporates herewith Exhibit A (submitted via electronic media / flash drive / video link), which contains comparative video footage demonstrating: (1) normal, standard operation and functionality of Plaintiff's Google Wallet application under ordinary conditions; and (2) the unexpected failure, malfunction, and removal/erasure of digital wallet credentials occurring immediately following the transaction at Defendant's premises on July 29, 2026.

12. Upon exiting, an employee[5] abruptly ran out of a vehicle toward Plaintiff in a physical posture that appeared aggressive and threatening before walking away, as it's common that individuals intentionally obstruct the pathway of the Plaintiff, as if they want to walk into the Plaintiff, whenever he's in this area.

13. Upon the Plaintiff's final departure, a few suspicious individuals on bikes came along, as they seemed to be a part of the stalking and harassing community of Attleboro, who have so often in the past stalked, harassed and instigated (sabotage or entrapment) problems for the Plaintiff, and engage in these activities with Cumberland Farms staff.

14. The actions of Defendant's staff and individuals on the property constitute targeted harassment, intimidation, and an unlawful interference with Plaintiff's right of ingress and egress.

## CAUSES OF ACTION

COUNT I: Harassment / Civil Rights / Intimidation (Equitable Relief)

15. Plaintiff realleges and incorporates paragraphs 1 through 13 as if fully set forth herein.

16. The actions of Defendant's employees on July 29, 2026—including food safety disregard, collusion with the general public, aggressive physical posturing, obstruction of entry and exit, and verbal hostility—constitute a pattern of targeted harassment causing emotional distress and safety concerns.

17. Unless restrained by this Court, Plaintiff will suffer irreparable harm for which there is no adequate remedy at law.

COUNT II: Claim for Injunctive Relief (Preliminary and Permanent Injunction)

18. Plaintiff realleges and incorporates paragraphs 1 through 17 as if fully set forth herein.

---

[5] The same employee who has had a history of harassing the Plaintiff, all the while failing to appropriately follow food safety standards, as if it were done to aggravate and annoy the Plaintiff, who feels that these standards should be upheld. When they are not followed this causes distress to the Plaintiff. All complaints filed on this individual have rendered no resolve.

19. Plaintiff demonstrates a likelihood of success on the merits and a significant threat of ongoing irreparable harm if Defendant's staff continue to obstruct, engage, or aggressively approach Plaintiff on or near the public access areas of the premises.

RESERVATION OF ALL FUTURE CIVIL AND STATUTORY CLAIMS

20. Plaintiff initiates this action primarily to secure immediate equitable protection, preserve essential physical and electronic evidence, and compel the disclosure of all involved personnel identities.

21. Plaintiff explicitly reserves the right—pursuant to Mass. R. Civ. P. 15 and applicable principles of equity—to amend this Complaint or initiate subsequent proceedings to assert any and all civil, common law, statutory, or equitable claims arising out of or related to the events described herein against Defendant, its parent or affiliated entities, and its individual agents or employees, upon receipt of court-ordered disclosures, employee identities, and full video evidence.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Issue a Preliminary and Permanent Injunction restraining Defendant, its agents, and employees from harassing, intimidating, or physically obstructing Plaintiff;

B. Issue an Order requiring Defendant and its staff to maintain a no-contact distance from Plaintiff;

C. Issue an Order compelling Defendant Cumberland Farms, Inc. to immediately disclose to Plaintiff the full legal names, job titles, and contact details of all employees and personnel present or on duty at the 80 County St, Attleboro, MA premises between 6:00 PM and 11:50 PM on July 29, 2026, to allow reporting to law enforcement authorities and identification of parties;

D. Expressly reserve Plaintiff's right to amend this Complaint or bring subsequent legal actions for any and all civil, common law, or statutory claims—as well as monetary, actual, statutory, and compensatory damages—following the court-ordered disclosure of employee identities and video evidence; and

E. Award such other preliminary, permanent equitable, or further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 6, 2026

/s/ John Doe

John Doe

[Address Impounded / Subject to Pending Emergency Motion]
[Phone Number Impounded]
[Email Impounded]

# VERIFICATION

I, John Doe (Pseudonym for Plaintiff), certify under the penalties of perjury that I am the Plaintiff in the above-entitled action, that I have read the foregoing Complaint, and that the facts stated therein are true and accurate to the best of my knowledge and belief.

Dated: August 6, 2026

/s/ John Doe

John Doe, Pro Se

[Address Impounded / Subject to Pending Emergency Motion]
[Phone Number Impounded]
[Email Impounded]